ADAMS v. PURSER.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. TRUSTS—DISPOSITION OF PROPERTY—RECOVERY OF PROCEEDS—REMEDIES—AC-
COUNTING.

Where the premises, out of the proceeds of the sale of which plaintiff
claimed $2,000, were sold after defendant's annual accounting as trustee
of decedent's estate from which the property had descended, on January
1, 1906, in accordance with a trust agreement entered into by all the
parties in interest, plaintiff could not maintain an action at law therefor;
her only remedy being a suit for an accounting.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 416.]

2. SAME—PARTIES.

In a suit for an accounting of the proceeds of certain real estate sold
by a trustee, all of the parties entitled to share in such proceeds under
the trust agreement were necessary parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 424.]

3. SAME—DEFENSES—ADVANCEMENTS.

Where the will of plaintiff's mother indicated no intention to charge her
with any advancement or to have any amount deducted from her share
on account thereof, and it did not appear whether an alleged agreement
between plaintiff and her mother that an indebtedness from plaintiff
should be deemed an advancement was made before or after the ex-
ecution of the will, such alleged agreement was no defense to plaintiff's
claim to an equal share of the surplus proceeds of the sale of her mother's
real estate under trust agreements by which all of the parties expressly
contracted for an equal distribution.

4. DESCENT AND DISTRIBUTION—FAMILY SETTLEMENTS—ADVANCEMENTS.

After the probate of a will it was competent for the parties interested
in the surplus of testatrix's real estate to execute certain trust agree-
ments for the control, sale and management thereof providing for an
equal distribution between them of the surplus proceeds of the sale of
such property, which agreement operated as a waiver of a claim that the
share of one of the distributees should be charged with an alleged ad-
vancement.

Appeal from Special Term.

Action by Bertha H. Adams against George H. Purser. From an
interlocutory judgment overruling plaintiff's demurrer to certain sep-
arate defenses, she appeals. Judgment affirmed, without costs, in so
far as it overruled the demurrer to the first and second separate de-
fenses, and reversed, without costs, in so far as it overruled demurrer
to the third separate defense, and demurrer to that defense sustained,
with costs, with leave to amend.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-
TON, and SCOTT, JJ.

Edmund F. Harding, for appellant.
Ralph Earl Prime, Jr., for respondent.

LAUGHLIN, J. This action is brought to recover $2,000, moneys
alleged to have been received by the defendant as agent for the plain-
tiff or for her use. There are allegations in the complaint which
would be material and appropriate only to an action for conversion
of the fund; but it appears that the moneys were lawfully received
by the defendant, and it is doubtful whether the allegations of the

complaint sufficiently show a demand upon the defendant therefor to sustain the action on the theory of conversion. It is not essential, however, that we decide whether the action is for money had and received or for conversion of the fund. The demurrer is upon the ground that each of the separate defenses is insufficient at law upon the face thereof. The fund in question is part of the proceeds of the sale of real estate owned by Priscilla S. Purser, who by her last will and testament devised the same to her seven children, of whom the plaintiff and the defendant are two. The first separate defense alleges in substance that defendant and his six sisters were owners in fee as tenants in common of certain lands and premises situate in the city of New York and in the city of Yonkers, part of which came to them under the will of their father and part under the will of their mother; that defendant was executor of each of the wills; that defendant and his sisters entered into agreements in writing set forth in hæc verba, providing for the settlement of the account of the defendant as executor of his father's will, and for the distribution of the funds in his hands as such executor, without proceedings in the Surrogate's Court, and for the execution by his sisters of general releases to him and consents to his discharge as such executor, and authorizing him, as trustee for his sisters and himself, to sell certain personal property therein described and thereby assigned and transferred to him as such trustee, which was owned by them in common, for the purpose of creating a fund, the income of which was to be used by him to keep the buildings upon the premises owned by them as tenants in common in repair and to pay the carrying charges thereon, until the sale thereof, and to pay the expenses of the sale, and for the payment of an annuity of $5,000 per annum to their aunt during her life, and on the death of their aunt to convert sufficient of the securities so assigned and transferred to him into cash to realize the sum of $14,000 and divide the same equally between them and constituting the defendant their attorney in fact to sell and convey any of the premises owned by them as tenants in common, and in the meantime and until the sale of the real estate to collect the rents, issues and profits thereof and use the same with the income from the personal property in the same manner and for the same purposes as he was authorized to expend the income of the personal property, and providing for the rendition by the defendant to his sisters of an annual account on the 1st day of January in each year and for the division of the surplus income in his hands at the same time of each accounting equally among them and for the termination of the trust on sixty days' notice in writing, and in that event for the rendition by the defendant of a further account of his proceedings from the date of the last annual accounting and for the conversion of the personal property then on hand into cash and its equal division between them. Agreements set forth in this part of the answer show that the defendant entered upon the trust and performed the duties thereof and that his accounts were rendered and settled in accordance with the agreements between the parties down to the 1st day of January, 1906; that no objection thereto was made by any of the parties in interest and that no notice of the election of any of the parties to terminate the trust agreement has been

given and that prior to the commencement of this action no demand was made upon him by the plaintiff for a further accounting or for the further payment of moneys to her. According to the allegations of the complaint, the premises, out of the proceeds of the sale of which plaintiff claims to be entitled to the sum of $2,000, were sold after the defendant's annual accounting on the 1st day of January, 1906. Assuming the facts thus set forth in the first defense to be true, as must be assumed on the demurrer, they constitute a defense to this action at law. On these facts the plaintiff's remedy is an action for an accounting. She cannot single out a specific amount in the hands of the defendant under these trust agreements and say that it belongs to her and maintain an action at law therefor.

The second separate defense repeats by reference the material allegations in the first defense, and alleges that the defendant's other five sisters are necessary parties. Since the plaintiff's remedy is an action for an accounting, it is evident that this defense is well founded.

The third defense realleges by reference the material facts set forth in the first defense, and further alleges that at the time of the death of the plaintiff's mother there was due and owing from the plaintiff to her the sum of $6,000 as an advancement made to her by her mother, which the plaintiff, by a formal agreement in writing with her mother, agreed was an advancement, and that the same should be deducted from her share and interest in the estate of her mother, and that plaintiff has never repaid any part of said advancement, and that said advancement is a lien upon and a charge against the interest of the plaintiff in the estate of her mother. The defendant alleges in substance that for this reason he has refrained from paying over to the plaintiff an equal share of the proceeds of the sale of the land so devised by their mother. We are of opinion that this defense is insufficient. The will of the mother is set forth therein, and it shows no intention to charge the plaintiff with any advancement or to have any amount deducted from her share on account thereof; and it does not appear whether or not the agreement between the plaintiff and her mother that the $6,000 should be deemed an advancement was made before or after the execution of the will. Moreover, it appears by the trust agreements that the parties expressly contracted for the equal distribution between them of the surplus proceeds of the sale of their mother's real estate. It was competent for the parties to make the agreement, and its effect would seem to be a waiver on the part of the defendant and the plaintiff's five sisters of any claim that there should be any charge against or deduction from her share on account of an advancement.

It follows, therefore, that the interlocutory judgment should be affirmed in so far as it overrules the demurrer to the first and second separate defenses, without costs of the appeal, but reversed, without costs of the appeal, in so far as it overrules the demurrer to the third separate defense, and the demurrer to the third separate defense should be sustained, with costs, with leave to defendant to amend on payment of the costs of the demurrer. All concur.